IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–01489–EWN–BNB

BROADBAND MANAGEMENT SOLUTIONS, LLC,
a Delaware limited liability company,

    Plaintiff,

v.

DISH NETWORK SERVICE L.L.C.,
a Colorado limited liability company, formerly known
as DISH Network Service Corporation,

    Defendant.

## ORDER AND MEMORANDUM OF DECISION

This is a breach of contract case. Plaintiff Broadband Management Solutions, LLC, alleges that Defendant Dish Network Service, LLC, breached the contract between them by failing to provide written notice upon acceptance of certain software as defined by the agreement between the parties. This matter is before the court on (1) "Defendant's Motion For Summary Judgment With Memorandum and Points of Authority in Support thereof," filed April 18, 2005; (2) "Plaintiff's Motion For Summary Judgment On Its Breach of Contract Claim," filed April 18, 2005; (3) "Unopposed Motion For The Court To Accept Defendant's Statement of Undisputed Facts and Exhibits Thereto As Submitted and Filed," filed May 4, 2005; (4) Defendant's "Motion

to Exclude Testimony of Brooks L. Hillard and Brief in Support Thereof," filed February 3, 2006; (5) Defendant's "Motion to Exclude Testimony of Melinda Harper and Brief in Support Thereof," filed February 3, 2006; (6) Defendant's "Motion to Exclude Testimony of Peter M. Crafts and Brief in Support Thereof," filed February 3, 2006. Jurisdiction is based on 28 U.S.C. § 1332, diversity of citizenship.

## *1. Procedural History*

On July 20, 2004, Plaintiff filed a complaint in this court. (Compl. and Jury Demand [filed July 20, 2004].) Plaintiff asserted claims for breach of contract and promissory estoppel. (*Id.* ¶¶ 12–19.) On August 23, 2004, Defendant filed a motion to dismiss. (Def.'s Mot. to Dismiss [filed Aug. 23, 2004].) On September 22, 2004, Plaintiff filed a response to Defendant's motion to dismiss. (Pl.'s Resp. to Def.'s Mot. to Dismiss [filed Sept. 15, 2004].)

On September 15, 2004, Plaintiff filed its first amended complaint. (First Am. Compl. and Jury Demand [filed Sept. 15, 2004] [hereinafter "Compl."].) Plaintiff did not assert any new claims. (*Id.*) On October 8, 2004, Defendant filed a motion to dismiss Plaintiff's first amended complaint. (Def.'s Mot. to Dismiss Pl.'s First Am. Compl. Pursuant to Fed. R. Civ. P. 12[b][6] [filed Oct. 8, 2004].) This motion rendered moot the previous motion to dismiss. (Minute Order [Feb. 25, 2005].) On November 1, 2004, Plaintiff filed a response to Defendant's motion to dismiss. (Pl.'s Resp. to Mot. to Dismiss First Am. Compl. [filed Nov. 1, 2004].) On November 16, 2004, Defendant filed a reply in support of its motion. (Def.'s Reply to Pl.'s Resp. Mot. to Dismiss First Am. Compl. [filed Nov. 16, 2004].) On September 16, 2005, I granted Defendant's

motion to dismiss as to Plaintiff's promissory estoppel claim and denied the motion as to Plaintiff's breach of contract claim. (Order and Mem. of Decision [filed Sept. 16, 2005].)

On April 18, 2005, Defendant filed a motion for summary judgment. (Def.'s Mot. for Summ. J. with Mem. and Points of Authority in Supp. Thereof [filed Apr. 18, 2005] [hereinafter "Def.'s Br."].) Defendant contends that summary judgment is appropriate because "[Plaintiff] failed to meet its contractual obligations with respect to delivering to [Defendant] a satisfactory Release 1 product that met [Defendant's] contractually agreed upon business needs." (*Id.* at 6.) Defendant's brief did not comply with my local rules and procedures. (Def.'s Br.) On April 18, 2005, Plaintiff filed a motion for summary judgment on its breach of contract claim. (Pl.'s Mot. for Summ. J. on Its Breach of Contract Claim [filed Apr. 18, 2005] [hereinafter "Pl.'s Br."].) Plaintiff argues that Defendant breached the agreement between them because it failed to provide Plaintiff written acceptance of the product. (*Id.* at 2.)

On May 4, 2005, Defendant acknowledged its non-compliance with my local rules and procedures and filed a motion requesting that the court accept its motion despite the non-compliance. (Unopposed Mot. for The Court to Accept Def.'s Statement of Undisputed Facts and Exhibits Thereto As Submitted and Filed [filed May 4, 2005] [hereinafter "Mot. to Accept"].) Specifically, Defendant suggested that "the most efficient first step procedure would be to request that the [c]ourt accept the Statement of Undisputed Facts and the incorrectly marked exhibits as submitted and filed. This procedure will save the complications, inefficiencies[,] and inconvenience for all concerned of resubmitting the numerous exhibits . . . ." (*Id.* at 2.)

On May 5, 2005, the parties filed a stipulated motion to modify the summary judgment briefing schedule. (Stipulated Mot. Regarding Summ. J. Briefing Schedule [filed May 5, 2005].) On May 6, 2005, I granted the parties' stipulated motion and set the briefing schedule as follows: "[t]he responses to the summary judgment motions shall be filed on or before June 21, 2005. Reply briefs shall be filed on or before July 6, 2005." (Minute Order [May 6, 2005].)

On June 8, 2005, the parties filed a second stipulated motion regarding the summary judgment briefing schedule. (Stipulated Mot. Regarding Summ. J. Briefing Schedule [filed June 8, 2005].) The parties requested a forty-five day extension. (*Id.*) On June 10, 2005, I granted the parties' motion and set the briefing schedule as follows: "responses to the summary judgment motions shall be filed on or before August 8, 2005 and the replies shall be filed on or before August 23, 2005." (Minute Order [June 10, 2005].)

On July 21, 2005, the parties filed a third stipulated motion regarding the summary judgment briefing schedule. (Stipulated Mot. Regarding Summ. J. Briefing Schedule [filed July 21, 2005].) The parties requested that the court extend the deadline for "sixty days to permit the parties to engage in settlement discussions." (*Id.*) On July 22, 2005, I granted the parties' stipulated motion. (Minute Order [July 22, 2005].) Specifically, the responses and replies were to be filed by September 29, 2005 and October 14, 2005, respectively. (*Id.*)

On September 9, 2005, the parties filed a fourth stipulated motion to alter the summary judgment briefing schedule. (Stipulated Mot. for Extension of Time to Complete Summ. J. Briefing and Remaining Dep. [filed Sept. 9, 2005].) On September 12, 2005, I granted the

parties' motion and reset the deadlines for responses and replies to October 28, 2005 and November 14, 2005, respectively.  (Minute Order [Sept. 12, 2005].)

On September 29, 2005, Defendant filed an answer to Plaintiff's amended complaint and a counterclaim against Plaintiff.  (Def.'s Original Answer, Affirmative Defenses, and Countercl. [filed Sept. 29, 2005].)  On October 7, 2005, Plaintiff filed an answer to Defendant's counterclaim.  (Pl.'s Resp. to Def.'s Countercl. [filed Oct. 7, 2005].)

On October 12, 2005, the parties filed a fifth stipulated motion for extension of time to file responses and replies to the outstanding motions for summary judgment.  (Stipulated Mot. Regarding Summ. J. Briefing Schedule & Completion of Outstanding Deposition [filed Oct. 12, 2005].)  On October 25, 2005, I granted the parties' motion and re-set the deadlines for responses and replies to January 16, 2006 and January 31, 2006, respectively.  (Minute Order [Oct. 25, 2005].)

Astoundingly, on December 9, 2005, the parties filed a sixth stipulated motion regarding the summary judgement briefing schedule.  (Stipulated Mot. Regarding Summ. J. Briefing Schedule and Completion of Outstanding Deposition, and To Vacate February 10, 2006 Hearing on Summ. J. Mots. [filed Dec. 9, 2005].)  Specifically, the parties stated that "Plaintiff . . . and Defendant . . . jointly move to extend the dates for summary judgment briefing and for completion of the remaining depositions to permit the parties to engage in settlement discussions."  (*Id.*)  The parties asserted that they had "exchanged comprehensive proposals, are continuing to work together, and believe that they may be able to reach agreement by the end of January 2006."  (*Id.* at 2.)  On December 12, 2005, I denied the parties' stipulated motion.  (Minute Order [filed Dec.

12, 2005].)  Specifically, I stated that "[t]he parties have had ample time to settle, and it is inexplicable that they seek yet another delay."  (*Id.*)

On January 17, 2006, Plaintiff filed its much anticipated response to Defendant's motion for summary judgment.  (Pl.'s Resp. to Def.'s Mot. For Summ. J. [filed Jan. 17, 2006] [hereinafter "Pl.'s Resp."].)  On January 31, 2006, Defendant filed a reply in support of its motion for summary judgment.  (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. for Summ. J. [filed Jan. 31, 2006].)  This matter is now fully briefed.

Similarly, on January 17, 2006, Defendant filed its much anticipated response to Plaintiff's motion for summary judgment.  (Def.'s Resp. in Opp'n to Pl.'s Mot. for Summ. J. on its Breach of Contract Claim [filed Jan. 17, 2006] [hereinafter "Def.'s Resp."].)  On January 31, 2006, Plaintiff filed a reply in support of its motion for summary judgment.  (Pl.'s Reply in Supp. of Its Mot. for Summ. J. [filed Jan. 31, 2006].)  This matter is now fully briefed.

Finally, on February 3, 2006, Defendant filed the following motions: (1) "Motion to Exclude Testimony of Brooks L. Hillard and Brief in Support Thereof;" (2) "Motion to Exclude Testimony of Melinda Harper and Brief in Support Thereof;" and (3) "Motion to Exclude Testimony of Peter M. Crafts and Brief in Support Thereof."

*2.     The Parties' Cross Motions For Summary Judgment*

For the reasons stated briefly below, Plaintiff's and Defendant's respective motions for summary judgment are denied.  I will briefly discuss both submissions below beginning with Defendant's motion.

First, as Defendant acknowledges, it did not follow my procedural rules when drafting its motion for summary judgment. (Mot. to Accept.) Notwithstanding this blunder, much of the evidence Defendant submits in support of its motion and in response to Plaintiff's motion is not admissible. Defendant must submit admissible evidence in support of its motion for summary judgment. Fed. R. Civ. P. 56(e). In particular, Defendant's method of submitting deposition testimony is execrable and absurd. Rather than providing the court with the actual deposition testimony provided to Defendant by the court reporter, Defendant re-created the deposition testimony and re-typed the excerpts into its own document. (Def.'s Br., Statement of Undisputed Facts; Def.'s Resp., Resp. to Statement of Undisputed Material Facts.) In other words, it appears that Defendant cut and pasted the relevant deposition testimony into a new document. (*Id.*) To add insult to injury, Defendant does not make any effort to authenticate these re-creations. "A deposition or an extract therefrom is authenticated in a motion for summary judgment when it identifies the names of the deponent and the action and includes the reporter's certification that the deposition is a true record of the testimony of the deponent." *Orr v. Bank of America*, 285 F.3d 764, 774 (9th Cir. 2002); Fed. R. Evid. 901(b); Fed. R. Civ. P. 30(f)(1), 56(e). Defendant did not comply in any respect with these rules. I admonish Defendant in the future to comply with the Federal Rules of Evidence and Procedure when moving for summary judgment in this court. It is not the court's task to rummage through Defendant's voluminous submissions and search for admissible evidence in support of Defendant's position. For these reasons, Defendant's motion for summary judgment is denied. Additionally, all submissions and exhibits associated therewith, including Plaintiff's response, are stricken.

Further, while Plaintiff did a marginally better job drafting its motion and complying with my rules, Plaintiff's motion is similarly denied. In support of its motion for summary judgment, Plaintiff attaches voluminous exhibits. Despite this, Plaintiff's argument section only references one exhibit in support of its position — the agreement between the parties. (Pl.'s Br. at 13–20.) The argument section of Plaintiff's brief consists of seven pages. (Pl.'s Br. at 13–20.) Plaintiff repeatedly cites to the agreement without directing the court to any deposition testimony or affidavits in support of Plaintiff's position. (*Id.*) The plain language of the contract does not resolve the issues on summary judgment. I remind Plaintiff that it is not the court's responsibility to find admissible evidence in the record to support Plaintiff's position. Accordingly, Plaintiff has not established that there are no genuine issues of fact and that it is entitled to judgment as a matter of law.

### 3. *Conclusions*

Based on the foregoing it is therefore ORDERED that:

1. Defendant's motion for summary judgment (# 41) is DENIED.

2. Plaintiff's motion for partial summary judgment (# 46) is DENIED.

3. Defendant's motion to exclude the testimony of Brooks L. Hillard (# 99) is DENIED without prejudice as premature.

4. Defendant's motion to exclude the testimony of Melinda Harper (#100) is DENIED without prejudice as premature.

5. Defendant's motion to exclude the testimony of Peter M. Crafts (#101) is DENIED without prejudice as premature.

6. Plaintiff's motion for an extension of time to respond to Defendant's Daubert motions (#102) is DENIED as moot.

7. The motions hearing scheduled for Friday, February 17, 2006, is VACATED.

8. The court will hold a Final Pretrial Conference commencing at 2:15 o'clock a.m. on Friday, **March 17, 2006**, in Courtroom A1001 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.  In preparing for and participating in the conference, the parties and counsel will (1) follow the Instructions for Preparation and Submission of Final Pretrial Order, a copy of which can be downloaded from the court's web site, specifically http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord_ins.pdf and (2) utilize the specific template located at http://www.cod.uscourts.gov/forms/ewn_fin_pre_ord.wpd  These specific web addresses should be used to insure that the proper format is observed.

Dated this 16th day of February, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge